IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOROMI R. WASHINGTON,<br><br>    Petitioner,<br><br>vs.<br><br>MATTHEW CATES, Warden,<br><br>    Respondent. | No. C 11-4333 WHA (PR)<br><br>**ORDER OF DISMISSAL;<br>GRANTING LEAVE TO PROCEED<br>IN FORMA PAUPERIS**<br><br>**(Docket No. 3)** |

    Petitioner, an inmate in a state prison in Arizona proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. 2254. Petitioner is not challenging his conviction or sentence. Rather, he seeks an order directing officials of the California Department of Corrections and of the Arizona prison to "rescind" his status and an inmate who should be assigned to a "special needs yard."

    "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Petitioner's claims involve the conditions of his confinement and not the fact or duration of his confinement. As such, they are not the proper subject of a habeas action. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir.

1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the court *may* construe a habeas petition as a civil rights action, it is not *required* to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for petitioner if the petition were construed as a civil rights complaint, the case is **DISMISSED** without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above. In light of petitioner's lack of funds, his application to proceed in forma pauperis (docket number 3) is **GRANTED.**

Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 28, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\WASHINGTON4333.DSM.wpd.

2