**United States District Court**
For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    TOROMI R. WASHINGTON,                      No. C 11-4333 WHA (PR)

11                      Petitioner,              **ORDER OF DISMISSAL;**
                                                 **GRANTING LEAVE TO PROCEED**
12        vs.                                    **IN FORMA PAUPERIS**

13    MATTHEW CATES, Warden,

14                      Respondent.              **(Docket No. 3)**
      _____/
15

16          Petitioner, an inmate in a state prison in Arizona proceeding pro se, filed this petition for

17    a writ of habeas corpus under 28 U.S.C. 2254.  Petitioner is not challenging his conviction or

18    sentence.  Rather, he seeks an order directing officials of the California Department of

19    Corrections and of the Arizona prison to "rescind" his status and an inmate who should be

20    assigned to a "special needs yard."

21          "Federal law opens two main avenues to relief on complaints related to imprisonment: a

22    petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of

23    1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of

24    confinement or to particulars affecting its duration are the province of habeas corpus."

25    *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  Petitioner's claims involve the conditions of

26    his confinement and not the fact or duration of his confinement.  As such, they are not the

27    proper subject of a habeas action.  *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir.

28    2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of

      challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir.

**United States District Court**
For the Northern District of California

1  1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of

2  confinement must be brought in civil rights complaint).

3       In an appropriate case a habeas petition may be construed as a Section 1983 complaint.

4  *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).  Although the court *may* construe a habeas

5  petition as a civil rights action, it is not *required* to do so.  Since the time when the *Wilwording*

6  case was decided there have been significant changes in the law.  For instance, the filing fee for

7  a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is

8  forgiven.  For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation

9  Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way

10  of deductions from income to the prisoner's trust account.  *See* 28 U.S.C. 1915(b)(1).  A

11  prisoner who might be willing to file a habeas petition for which he or she would not have to

12  pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would

13  be deducted from income to his or her prisoner account.  Also, a civil rights complaint which is

14  dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under

15  28 U.S.C. 1915(g), which is not true for habeas cases.

16       In view of these potential pitfalls for petitioner if the petition were construed as a civil

17  rights complaint, the case is **DISMISSED** without prejudice to petitioner filing a civil rights

18  action if he wishes to do so in light of the above.  In light of petitioner's lack of funds, his

19  application to proceed in forma pauperis (docket number 3) is **GRANTED.**

20       Petitioner has failed to make a substantial showing that his claims amounted to a denial

21  of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his

22  claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no

23  certificate of appealability is warranted in this case.

24       The clerk shall close the file.

25       **IT IS SO ORDERED.**

26  Dated: September ___28___, 2011.

27                          WILLIAM ALSUP
                        UNITED STATES DISTRICT JUDGE

28

G:\PRO-SE\WHA\HC.11\WASHINGTON4333.DSM.wpd.